<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 22-1819

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 16, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| HARLAND L. ROBINSON,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>COMPASS GROUP USA, INC.,<br><br>    Defendant-Appellee. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |

<u>O R D E R</u>

Before: SUTTON, Chief Judge; WHITE and THAPAR, Circuit Judges.

Harland L. Robinson, a Michigan resident proceeding pro se, appeals the district court's grant of summary judgment to the defendant, Compass Group USA, in his employment action. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the following reasons, we affirm the district court's judgment.

Robinson filed a civil complaint against Compass Group, his former employer, asserting various causes of action under the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and state law. He specifically claimed that Compass Group (1) discriminated against him based on his disability in violation of the ADA, (2) improperly failed to promote him, (3) retaliated against him in violation of the ADA, (4) retaliated against him in violation of the FMLA and interfered with his rights under the FMLA, (5) created a hostile work environment, and (6) defamed him. Robinson sought monetary relief. Upon the recommendation of a magistrate judge and over Robinson's objections, the district court granted summary judgment to Compass Group.

On appeal, Robinson argues that the district court erred by granting summary judgment to Compass Group. We review de novo a district court's grant of summary judgment. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 759 (6th Cir. 2010). Summary judgment is appropriate where the evidence, viewed in the light most favorable to the non-moving party, shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 759-60.

Robinson first alleged that Compass Group violated the ADA by discriminating against him because he was disabled by chronic back pain. We analyze Robinson's claim under the burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *See Hrdlicka v. Gen. Motors, LLC*, 63 F.4th 555, 566 (6th Cir. 2023). Under that framework, if the plaintiff makes a prima facie showing of discrimination, the defendant must show that it had a legitimate, non-discriminatory reason for the challenged conduct. *Id.* at 567. If the defendant does so, the plaintiff must show that the proffered reason is merely a pretext for discrimination. *Id.* To make a prima facie case of disability discrimination, a plaintiff must show that he is disabled, he is otherwise qualified for the position with or without a reasonable accommodation, he suffered an adverse employment action, the employer knew or had reason to know of his disability, and his position remained open or he was replaced. *Id.* at 566. In addition, the disability must be a but-for cause of the adverse employment action. *Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292, 306 (6th Cir. 2016).

The district court properly granted summary judgment as to this claim. Compass Group presented evidence that Brian Adams, who made the decision to terminate Robinson's employment in January 2020, was unaware of Robinson's disability at the time. And Robinson presented no evidence that Adams knew or had reason to know of his disability. Thus, because the evidence shows that the individual decisionmaker who terminated Robinson lacked knowledge of his disability, Robinson failed to make a prima facie case of disability discrimination. *See id.*; *Nilles v. Givaudan Flavors Corp.*, 521 F. App'x 364, 368-69 (6th Cir. 2013).

Robinson also alleged that Compass Group interfered with his rights under the FMLA and retaliated against him for exercising his rights under the FMLA when it terminated his employment due to his use of and request for additional FMLA leave. We analyze claims of FMLA interference and retaliation that are based on circumstantial evidence under the *McDonnell Douglas* burden-shifting framework. *See Render v. FCA US, LLC*, 53 F.4th 905, 920 (6th Cir. 2022); *Mullendore v. City of Belding*, 872 F.3d 322, 327 (6th Cir. 2017). To make a prima facie case of FMLA retaliation, a plaintiff must show that he engaged in FMLA-protected activity, the employer knew that he was exercising his FMLA rights, the employer subsequently took an adverse employment action against him, and there was a causal connection between the protected activity and adverse action. *Render*, 53 F.4th at 920. To make a prima facie case of FMLA interference, a plaintiff must show that he was an eligible employee under the FMLA, his employer was covered under the FMLA, he was entitled to FMLA leave, he gave his employer notice of his intention to take FMLA leave, and his employer denied FMLA benefits to which he was entitled. *Mullendore*, 872 F.3d at 327. An employer does not commit an FMLA interference violation where the employer has a legitimate reason, unrelated to the employee's exercise of FMLA rights, for engaging in the challenged conduct. *Id.*

The district court properly granted summary judgment as to Robinson's FMLA claims because, assuming that Robinson made a prima facie case of FMLA retaliation and interference, Compass Group set forth a legitimate, non-discriminatory reason for terminating Robinson's employment, and Robinson did not present evidence that the stated reason was pretextual. Compass Group presented evidence that it terminated Robinson's employment based on his history of work-related performance problems and violation of its fair-treatment policy, which prohibits certain inappropriate behavior, including the use of sexual slurs, derogatory comments, and insults based on a protected classification. According to Adams, he decided to terminate Robinson after investigating allegations that Robinson had made improper comments about his supervisor, Rondell Coates. In reaching his decision, Adams relied on statements from three witnesses that Robinson had discussed at work Coates's sexual activities and sexual preferences, spread rumors

No. 22-1819
- 4 -

that Coates was in sexual relationships with his co-workers, and referred to Coates as "gay" and a "whore."

In response, Robinson asserted that his work-related disciplinary actions were unwarranted, he did not make improper comments about Coates, and he did not sign the fair-treatment policy in 2019. But Robinson did not present evidence that Compass Group lacked an honest belief in its reason for terminating his employment. *See Parks v. UPS Supply Chain Sols., Inc.*, 607 F. App'x 508, 514-15 (6th Cir. 2015); *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 286 (6th Cir. 2012). Nor did Robinson present evidence that Compass Group's proffered reason for his termination did not actually motivate its conduct or that the stated reason was insufficient to warrant his termination. *See Flowers v. WestRock Servs., Inc.*, 979 F.3d 1127, 1133 (6th Cir. 2020). Thus, the district court properly granted summary judgment to Compass Group as to these claims.

Finally, Robinson forfeited any challenge to the district court's grant of summary judgment as to his remaining claims because he did not develop any meaningful argument concerning those claims in his appellate brief. *See Clemons v. Couch*, 3 F.4th 897, 902 n.2 (6th Cir. 2021).

Accordingly, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

## United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 08/16/2023.

**Case Name:** Harland Robinson v. Compass Group USA
**Case Number:** 22-1819

**Docket Text:**
ORDER filed: We AFFIRM the district court's judgment. Decision not for publication, pursuant to FRAP 34(a)(2)(C). Mandate to issue. Jeffrey S. Sutton, Chief Circuit Judge; Helene N. White, Circuit Judge and Amul R. Thapar, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. Harland L. Robinson
18275 North Drive
Apartment 28
Southfield, MI 48076

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix
Mr. Frederick Thomas Smith